145 So. 505

## HODNETT v. STATE.
### 5 Div. 877.

Court of Appeals of Alabama.
Jan. 10, 1933.

Lawrence F. Gerald, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

**BRICKEN, P. J.**

Count one of the indictment charged this appellant, in proper form and substance, with the offense of unlawfully possessing a still to be used for the purpose of distilling or manufacturing prohibited liquors or beverages. Count two of the indictment was not prossed by the court upon motion of the solicitor representing the state.

But one question is presented for decision on this appeal; and that is the refusal of the court to give, at the instance of defendant, the affirmative charge. This charge was requested upon the theory that the state, by its evidence, had failed to make out a case against the defendant.

This question necessitates a careful consideration by us of all the evidence adduced upon the trial in the court below. This we have done, and the conclusion is reached that the court properly concluded the conflicting evidence in the case presented a jury question. The insistence of able counsel for appellant is predicated solely upon the testimony of the defendant, who gave evidence in his own behalf. If this insistence was tenable, and no other evidence than that of the defendant had been adduced upon the trial, he would, of course, have been entitled to his prompt discharge. But the evidence of the state must also be considered, and the incriminating facts and circumstances disclosed by this evidence were too apparent to authorize the trial court to take the case from the jury or to hold that the accused was entitled, as a matter of law, to be discharged.

The corpus delicti was proven without dispute or conflict. It was likewise proven that this appellant was present at the still on the occasion in question; that when he went to the still he was carrying a sack containing two empty jugs, one a gallon, and one a half

gallon. The testimony for the state tended to show that upon arrival at the still "this appellant pulled the fire out from under the furnace to cool it down"; that he otherwise busied himself about the still; that he handed another man who was present, also working at the still, a long-handled bucket to dip the slop from the still, and made a stopper for the flake stand, about which time the officers closed in and raided the still and arrested this appellant. The defendant testified in his own behalf, and stated he went to the still to get some whisky. He testified he was not making stoppers for the flake stand, and he denied that he pulled the fire out from under the still; also that he handed the other man the long-handled bucket as testified to by the state's witnesses. This conflict in the evidence made a jury question, rendering, as stated, the affirmative charge inapt. It was properly refused. No error appearing, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.